2024R00235/DAF/JMR

**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | Crim. No. 24-360-KMW |
| v. | : | 18 U.S.C. § 1956(a)(1)(A)(i) |
| SIEFF ROBERT SARGEANT | : | |

**I N F O R M A T I O N**

The defendant having waived in open court prosecution by Indictment and any objection based on venue, the United States Attorney for the District of New Jersey charges:

1.  At all times relevant to this Information:

    a.  The defendant, SIEFF ROBERT SARGEANT, resided in Island Park, New York.  Defendant SIEFF ROBERT SARGEANT owned or controlled Coach Sargeant Training LLC, a New York business.

    b.  Lender-1 was a financial institution that participated as lender in the Paycheck Protection Program ("PPP"), as described herein. Lender-1 was a "financial institution" within the meaning of Title 18, United States Code, Section 20.

    c.  Co-Conspirator-1 ("CC-1") resided in Delaware.

    d.  Individual-1 was an associate of defendant SIEFF ROBERT SARGEANT.

**The Payroll Protection Program ("PPP")**

e.  The Coronavirus Aid, Relief, and Economic Security ("CARES") Act was a federal law enacted in or about March 2020 and was designed to provide emergency financial assistance to millions of Americans suffering economic effects caused by the COVID-19 pandemic.  One source of relief provided by the CARES Act was the authorization of billions of dollars in forgivable loans to small businesses for job retention and certain other expenses, through a program referred to as the Paycheck Protection Program ("PPP").

f.  To obtain a PPP loan, a business had to submit a PPP loan application signed by an authorized representative of the business.  The applicant of a PPP loan was required to acknowledge the program rules and make certain affirmative certifications in order to be eligible to obtain the PPP loan.  In the PPP loan application, the applicant had to state, among other things, its average monthly payroll expenses and number of employees.  These figures were used to determine whether the business was eligible for a PPP loan and to calculate the amount of money the business was eligible to receive under the PPP.  In addition, businesses applying for a PPP loan had to provide documentation showing their payroll expenses, such as tax forms and bank statements.

g.  A PPP loan application had to be processed by a participating financial institution (the lender).  If the PPP loan application was approved, the lender funded the PPP loan using its own monies, which were 100%

guaranteed by the SBA. Data from the application, including information about the borrower, the total amount of the loan, and the listed number of employees, was transmitted by the lender to the SBA in the course of processing the loan.

        h.     PPP loan proceeds could only be used by the business for certain permissible expenses, including payroll costs, interest on mortgages, rent, and utilities. The PPP allowed the interest and principal on the PPP loan to be entirely forgiven if the business used the loan proceeds on these expense items within a designated period of time after receiving the proceeds and used a certain amount of the PPP loan proceeds on payroll expenses.

        i.     To obtain loan forgiveness of a loan in the amount of $150,000 or less, a borrower was required to submit a PPP Loan Forgiveness Application Form 3508S. Form 3508S required the borrower to report the amount of loan proceeds spent on payroll costs. It also required the borrower to certify that the information provided in the forgiveness application was true and correct.

    2.     On or about April 27, 2021, $147,000 was deposited into a Lender-1 bank account that defendant SIEFF ROBERT SARGEANT controlled in the name of Coach Sargeant Training LLC. The $147,000 deposit constituted proceeds of a PPP loan obtained as a result of a fraudulent PPP loan application.

    3.     Beginning in or about July 2021, for the purpose of promoting bank fraud by making it appear like the Coach Sargeant Training PPP loan

3

proceeds were spent on permissible payroll expenses, SIEFF ROBERT SARGEANT paid CC-1 to issue fake payroll checks with the proceeds of the PPP loan even though Coach Sargeant Training LLC did not have any actual employees.

    4.    CC-1 printed fake payroll checks made out to Individual-1 in the aggregate amount of $8,550 and provided them to defendant SIEFF ROBERT SARGEANT to distribute to Individual-1.

    5.    Individual-1 cashed the fake payroll checks and returned most of the cash to defendant SIEFF ROBERT SARGEANT.

    6.    In or about July 2021 through in or about September 2021, in Nassau County, in the Eastern District of New York, and elsewhere, the defendant,

SIEFF ROBERT SARGEANT,

did knowingly conduct and attempt to conduct financial transactions affecting interstate and foreign commerce which involved the proceeds of a specified unlawful activity, that is bank fraud, with the intent to promote the carrying on of specified unlawful activity, that is bank fraud, and that while conducting and attempting to conduct such financial transactions knew that the property involved in the financial transaction represented the proceeds of some form of unlawful activity.

    In violation of Title 18, United States Code, Section 1956(a)(1)(A)(i).

## **FORFEITURE ALLEGATION**

1.     Upon conviction of the money laundering offense in violation of 18 U.S.C. § 1956 alleged in this Information, defendant SIEFF ROBERT SARGEANT shall forfeit to the United States, pursuant to 18 U.S.C. § 982(a)(1), all property, real and personal, involved in the money laundering offense, and all property traceable to such property.

2.     The property to be forfeited includes, but is not limited to, a sum of money representing the property involved in the money laundering offense charged in this Information; and the following property:

    (a)    All funds and other property on deposit at Key Bank NA, account number ending in 5313, in the name of Coach Sargeant Training LLC.

## **Substitute Assets Provision**

3.     If any of the property described above, as a result of any act or omission of the defendant:

    (a)    cannot be located upon the exercise of due diligence;

    (b)    has been transferred or sold to, or deposited with, a third party;

    (c)    has been placed beyond the jurisdiction of the court;

    (d)    has been substantially diminished in value; or

    (e)    has been commingled with other property which cannot be divided without difficulty,

the United States shall be entitled, pursuant to 21 U.S.C. § 853(p), as incorporated by 18 U.S.C. § 982(b), to forfeiture of any other property of the defendant(s) up to the value of the forfeitable property described above.

                                                       _____
                                                       PHILIP R. SELLINGER
                                                       United States Attorney

CASE NUMBER: _____

# United States District Court
# District of New Jersey

**UNITED STATES OF AMERICA**

v.

**SIEFF ROBERT SARGEANT**

**INFORMATION FOR**

**18 U.S.C. § 1956(a)(1)(A)(i)**

PHILIP R. SELLINGER
UNITED STATES ATTORNEY
FOR THE DISTRICT OF NEW JERSEY

DANIEL A. FRIEDMAN
JASON M. RICHARDSON
ASSISTANT U.S. ATTORNEYS
CAMDEN, NEW JERSEY
(856) 757-5026