Case No. 24-cr-360-KMW



**U.S. Department of Justice**

*United States Attorney*
*District of New Jersey*

PHILIP R. SELLINGER
United States Attorney

DANIEL A. FRIEDMAN
Assistant United States Attorney

401 Market Street, Fourth Floor
Camden, New Jersey 08101-2098

Direct Dial: 856.968.4867
Email: Daniel.friedman2@usdoj.gov

March 6, 2024

*Gilbert J. Scutti, Esquire*
504 Centennial Blvd.
PO Box 1375
Voorhees, NJ 08043

Re: <u>**Plea Agreement with Sieff Robert Sargeant**</u>

Dear Mr. Scutti:

This letter sets forth the plea agreement between your client, Sieff Robert Sargeant, and the United States Attorney for the District of New Jersey ("this Office"). This offer will expire on **March 29, 2024**, if it is not accepted in writing by that date. If Sieff Robert Sargeant does not accept this plea agreement, his sentencing exposure could increase beyond what is discussed in this plea agreement as a result of this Office's investigation.

<u>Charge</u>

Conditioned on the understandings specified below, this Office will accept a guilty plea from Sieff Robert Sargeant to a one-Count Information, which charges Sieff Robert Sargeant with money laundering, in violation of Title 18, United States Code, Section 1956(a)(1)(A)(i). If Sieff Robert Sargeant enters a guilty plea and is sentenced on this charge and otherwise fully complies with this agreement, this Office will not initiate any further criminal charges against Sieff Robert Sargeant for his actions in obtaining a Paycheck Protection Program loan for Coach Sargeant Training or for laundering the proceeds of that loan, as more fully described in the District of New Jersey criminal complaint in 23-mj-2055.

But if a guilty plea in this matter is not entered for any reason or a guilty plea or judgment of conviction entered in accordance with this agreement does not remain in full force and effect, this Office may reinstate any dismissed charges and initiate any other charges against Sieff Robert Sargeant even if the applicable statute of limitations period for those charges expires after Sieff Robert Sargeant signs this agreement, and Sieff Robert Sargeant agrees not to assert that any such charges are time-barred.

Sentencing

The violation of 18 U.S.C. § 1956(a)(1)(A)(i) to which Sieff Robert Sargeant agrees to plead guilty in the Information carries a statutory maximum prison sentence of 20 years and a statutory maximum fine equal to the greatest of (1) $500,000, or twice the value of the property involved in the transaction, whichever is greater. The prison sentence on Count One may run consecutively to any prison sentence Sieff Robert Sargeant is serving or is ordered to serve. Fines imposed by the sentencing judge may be subject to the payment of interest.

The sentence to be imposed upon Sieff Robert Sargeant is within the sole discretion of the sentencing judge, subject to the provisions of the Sentencing Reform Act, 18 U.S.C. §§ 3551-3742, and the sentencing judge's consideration of the United States Sentencing Guidelines. Those Guidelines are advisory, not mandatory. The sentencing judge may impose any reasonable sentence up to and including the statutory maximum term of imprisonment and the maximum statutory fine. This Office cannot and does not make any representation or promise as to what Guidelines range may be found by the sentencing judge, or as to what sentence Sieff Robert Sargeant ultimately will receive.

Sieff Robert Sargeant specifically agrees that for purposes of sentencing, uncharged offenses and/or dismissed counts will be treated as relevant conduct pursuant to U.S.S.G. § 1B1.3, to the extent that the offenses are related to the count of conviction.

Further, in addition to imposing any other penalty on Sieff Robert Sargeant, the sentencing judge as part of the sentence:

(1) will order Sieff Robert Sargeant to pay an assessment of $100 pursuant to 18 U.S.C. § 3013, which assessment must be paid by the date of sentencing;

(2) must order Sieff Robert Sargeant to pay restitution pursuant to 18 U.S.C. § 3663 *et seq.*;

(3) may order Sieff Robert Sargeant, pursuant to 18 U.S.C. § 3555, to give reasonable notice and explanation of the conviction to any victims of his offense;

(4) must order forfeiture, pursuant to 18 U.S.C. § 982; and

(5) pursuant to 18 U.S.C. § 3583, may require Sieff Robert Sargeant to serve a term of supervised release of not more than 3 years, which will begin at the expiration of any term of imprisonment imposed. Should Sieff Robert Sargeant be placed on a term of supervised release and subsequently violate any of the conditions of supervised release before the expiration of its term, Sieff Robert Sargeant may be sentenced to not more than 2 years' imprisonment in addition to any prison term previously imposed, regardless of the statutory maximum term of imprisonment set forth above and without credit for time previously served on post-release supervision, and may be sentenced to an additional term of supervised release.

Restitution

Pursuant to the Mandatory Victim Restitution Act, 18 U.S.C. § 3663A, Sieff Robert Sargeant agrees to make full restitution for all losses—including the full loan amount and all advances, origination fees, processing fees, and accrued interest—associated with the following loan:

| Company | Loan Type | Lender | Loan Number | Loan Amount |
|---|---|---|---|---|
| Coach Sargeant Training | PPP | KeyBank | 3085908906 | $147,000.00 |

Forfeiture

As part of his acceptance of responsibility, and pursuant to 18 U.S.C. § 982(a)(1), Sieff Robert Sargeant agrees to forfeit to the United States all property, real or personal, involved in the money laundering offense charged in the Information, and all property traceable to such property. Sieff Robert Sargeant further agrees that the aggregate value of such property was $147,000; that one or more of the conditions set forth in 21 U.S.C. § 853(p) exists; and that the United States is therefore entitled to forfeit substitute assets equal to the value of the property involved in the money laundering offense charged in the Information, in an amount not to exceed $147,000 (the "Money Judgment"). The defendant consents to the entry of an order requiring the defendant to pay the Money Judgment, in the manner described below (the "Order"), and that the Order will be final as to the defendant prior to sentencing, pursuant to Rule 32.2(b)(4) of the Federal Rules of Criminal Procedure, and which may be satisfied in whole or in part with substitute assets.

All payments made in full or partial satisfaction of the Money Judgment shall be made by postal money order, bank, or certified check, made payable in this instance to the United States Marshals Service, indicating the defendant's name and case number on the face of the check; and shall be delivered by mail to the United States Attorney's Office, District of New Jersey, Attn: Asset Forfeiture and Money Laundering Unit, 970 Broad Street, 7th Floor, Newark, New Jersey 07102. The defendant further agrees that upon entry of the Order, the United States Attorney's Office is authorized to conduct any discovery needed to identify, locate, or dispose of property sufficient to pay the Money Judgment in full or in connection with any petitions filed with regard to proceeds or substitute assets, including depositions, interrogatories, and requests for production of documents, and the issuance of subpoenas.

Sieff Robert Sargeant waives the requirements of Rules 32.2 and 43(a) of the Federal Rules of Criminal Procedure regarding notice of the forfeiture in the charging instrument, announcement of the forfeiture at sentencing, and incorporation of the forfeiture in the judgment. Sieff Robert Sargeant understands that criminal forfeiture is part of the sentence that may be imposed in this case and waives any failure by the court to advise him of this pursuant to Rule 11(b)(1)(J) of the Federal Rules of Criminal Procedure at the guilty plea proceeding. The defendant waives any and all constitutional, statutory, and other challenges to the forfeiture on any and all grounds, including that the forfeiture constitutes an excessive fine or punishment under the Eighth Amendment. It is further understood that any forfeiture of the defendant's assets shall not be treated as satisfaction

of any fine, restitution, cost of imprisonment, or any other penalty the Court may impose upon him in addition to forfeiture.

   Sieff Robert Sargeant further agrees that not later than the date he enters his plea of guilty he will provide a complete and accurate Financial Disclosure Statement on the form provided by this Office. If Sieff Robert Sargeant fails to provide a complete and accurate Financial Disclosure Statement by the date he enters his plea of guilty, or if this Office determines that Sieff Robert Sargeant has intentionally failed to disclose assets on his Financial Disclosure Statement, Sieff Robert Sargeant agrees that that failure constitutes a material breach of this agreement, and this Office reserves the right, regardless of any agreement or stipulation that might otherwise apply, to oppose any downward adjustment for acceptance of responsibility pursuant to U.S.S.G. § 3E1.1, and to seek leave of the Court to withdraw from this agreement or seek other relief.

   Sieff Robert Sargeant agrees to forfeit to the United States all of his right, title, and interest in the contents of the bank account described in Schedule B ("Specific Property"). Sieff Robert Sargeant agrees the Specific Property is personal property involved in the money laundering offense set forth in Count 1 of the Information or traceable to such property, and is therefore forfeitable to the United States pursuant to 18 U.S.C. § 982(a)(1). Sieff Robert Sargeant further agrees to execute a Stipulation and Order for Consent Seizure of Funds permitting the seizure for forfeiture of the Specific Property on or before the date of the plea hearing in this matter.

### Rights of This Office Regarding Sentencing

   Except as otherwise provided in this agreement, this Office may take any position with respect to the appropriate sentence to be imposed on Sieff Robert Sargeant by the sentencing judge. This Office may also correct any misstatements relating to the sentencing proceedings and provide the sentencing judge and the United States Probation Office all law and information relevant to sentencing, favorable or otherwise. And this Office may inform the sentencing judge and the United States Probation Office of: (1) this agreement; and (2) the full nature and extent of Sieff Robert Sargeant's activities and relevant conduct with respect to this case.

### Stipulations

   This Office and Sieff Robert Sargeant will stipulate at sentencing to the statements set forth in the attached Schedule A, which is part of this plea agreement. Both parties understand that the sentencing judge and the United States Probation Office are not bound by those stipulations and may make independent factual findings and may reject any or all of the parties' stipulations. Nor do these stipulations restrict the parties' rights to respond to questions from the Court and to correct misinformation that has been provided to the Court.

   This agreement to stipulate on the part of this Office is based on the information and evidence that this Office possesses as of the date of this agreement. Thus, if this Office obtains or receives additional evidence or information prior to sentencing that it believes materially conflicts with a Schedule A stipulation, that stipulation shall no longer bind this Office. A determination that a Schedule A stipulation is not binding shall not release the parties from any other portion of this agreement, including any other Schedule A stipulation.

If the sentencing court rejects a Schedule A stipulation, both parties reserve the right to argue on appeal or at post-sentencing proceedings that the sentencing court did so properly. Finally, to the extent that the parties do not stipulate to a particular fact or legal conclusion in this agreement, each reserves the right to argue how that fact or conclusion should affect the sentence.

Waiver of Appeal and Post-Sentencing Rights

As set forth in Schedule A and the paragraph below, this Office and Sieff Robert Sargeant waive certain rights to appeal, collaterally attack, or otherwise challenge the judgment of conviction or sentence.

Immigration Consequences

Sieff Robert Sargeant understands that, if Sieff Robert Sargeant is not a citizen of the United States, Sieff Robert Sargeant's guilty plea to the charged offense will likely result in Sieff Robert Sargeant being subject to immigration proceedings and removed from the United States by making Sieff Robert Sargeant deportable, excludable, or inadmissible, or ending Sieff Robert Sargeant's naturalization. Sieff Robert Sargeant understands that the immigration consequences of this plea will be imposed in a separate proceeding before the immigration authorities. Sieff Robert Sargeant wants and agrees to plead guilty to the charged offense regardless of any immigration consequences of this plea, even if this plea will cause Sieff Robert Sargeant's removal from the United States. Sieff Robert Sargeant understands that Sieff Robert Sargeant is bound by this guilty plea regardless of any immigration consequences. Accordingly, Sieff Robert Sargeant waives any right to challenge the guilty plea, sentence, or both based on any immigration consequences. Sieff Robert Sargeant also agrees not to seek to withdraw this guilty plea, or to file a direct appeal, or any kind of collateral attack challenging the guilty plea, conviction, or sentence, based on any immigration consequences of the guilty plea or sentence.

Other Provisions

This agreement is limited to the United States Attorney's Office for the District of New Jersey and cannot bind other federal, state, or local authorities. If requested to do so, however, this Office will bring this agreement to the attention of other prosecuting offices.

This agreement was reached without regard to any civil or administrative matters that may be pending or commenced in the future against Sieff Robert Sargeant. So this agreement does not prohibit the United States, any agency thereof (including the Internal Revenue Service and Immigration and Customs Enforcement) or any third party from initiating or prosecuting any civil or administrative proceeding against him.

No provision of this agreement shall preclude Sieff Robert Sargeant from pursuing in an appropriate forum, when permitted by law, a claim that he received constitutionally ineffective assistance of counsel.

No Other Promises

This agreement constitutes the entire plea agreement between Sieff Robert Sargeant and this Office and supersedes any previous agreements between them. No additional promises, agreements, or conditions have been made or will be made unless set forth in writing and signed by the parties.

Very truly yours,

PHILIP R. SELLINGER
United States Attorney

By: DANIEL A. FRIEDMAN
JASON M. RICHARDSON
Assistant U.S. Attorneys

APPROVED:

_____
SARA A. ALIABADI
Deputy Attorney-In-Charge, Camden

6

I have received this letter from my attorney, Gilbert J. Scutti, Esq. I have read it. My attorney and I have reviewed and discussed it and all of its provisions, including those addressing the charge, sentencing, stipulations (including the attached Schedule A), waiver, forfeiture, restitution, and immigration consequences. I understand this letter fully and am satisfied with my counsel's explanations. I accept its terms and conditions and acknowledge that it constitutes the plea agreement between the parties. I understand that no additional promises, agreements, or conditions have been made or will be made unless set forth in writing and signed by the parties. I want to plead guilty pursuant to this plea agreement.

AGREED AND ACCEPTED:

_____          Date: 3/19/24
SIEFF ROBERT SARGEANT


I have reviewed and discussed with my client this plea agreement and all of its provisions, including those addressing the charge, sentencing, stipulations (including the attached Schedule A), waiver, forfeiture, restitution, and immigration consequences. My client understands this plea agreement fully and wants to plead guilty pursuant to it.

_____          Date: 3/19/24
Gilbert J. Scutti, Esq.
Counsel for Defendant

7

## Plea Agreement With Sieff Robert Sargeant

### Schedule A

1. This Office and Sieff Robert Sargeant recognize that the United States Sentencing Guidelines do not bind the sentencing judge. Each party nevertheless agrees to these stipulations.

2. The version of the Guidelines effective November 1, 2023 applies in this case.

3. The applicable guideline is U.S.S.G. § 2S1.1(a)(1). This guideline carries a Base Offense Level of 15 because Sieff Robert Sargeant would be accountable for the underlying offense of bank fraud conspiracy under subsection (a)(1)(A) of §1B1.3 (Relevant Conduct) and the underlying offense carries a base offense level of 7 and an enhancement of 8 levels because the fraud involved more than $95,000 and not more than $150,000.

4. Specific Offense Characteristic 2S1.1(b)(2)(B) applies because Sieff Robert Sargeant is pleading guilty to a violation of 18 U.S.C. §1956. This results in an increase of two levels.

5. As of the date of this letter, Sieff Robert Sargeant has clearly demonstrated a recognition and affirmative acceptance of personal responsibility for the offense charged. Therefore, a downward adjustment of 2 levels for acceptance of responsibility is appropriate if Sieff Robert Sargeant's acceptance of responsibility continues through the date of sentencing. *See* U.S.S.G. § 3E1.1(a).

6. As of the date of this letter, Sieff Robert Sargeant has assisted authorities in the investigation or prosecution of his/her own misconduct by timely notifying authorities of his intention to enter a plea of guilty, thereby permitting this Office to avoid preparing for trial and permitting this Office and the court to allocate their resources efficiently. At sentencing, this Office will move for a further 1-point reduction in Sieff Robert Sargeant's offense level pursuant to U.S.S.G. § 3E1.1(b) if the following conditions are met: (a) Sieff Robert Sargeant enters a plea pursuant to this agreement, (b) this Office, in its discretion, determines that Sieff Robert Sargeant's acceptance of responsibility has continued through the date of sentencing and Sieff Robert Sargeant therefore qualifies for a 2-point reduction for acceptance of responsibility pursuant to U.S.S.G. § 3E1.1(a), and (c) Sieff Robert Sargeant's offense level under the Guidelines prior to the operation of § 3E1.1(a) is 16 or greater.

7. If Sieff Robert Sargeant establishes at sentencing that he both has no criminal history points and meets the other criteria in U.S.S.G. § 4C1.1, he will be entitled to a further two-level reduction in his offense level.

8. Accordingly, the parties agree that the total Guidelines offense level applicable to Sieff Robert Sargeant ("Total Offense Level") is:

    a. 14, if Sieff Robert Sargeant does not meet the criteria in U.S.S.G. § 4C1.1; or

      b. 12, if Sieff Robert Sargeant meets the criteria in U.S.S.G. § 4C1.1, because Sieff Robert Sargeant would deserve a 2-level reduction under that provision.

    9.    The parties agree not to advocate for any upward or downward adjustment or departure from the Guidelines range resulting from (a) the Total Offense Level and (b) the criminal history category that the sentencing judge applies under Chapter 4 of the Guidelines without any departure or variance. But each party may seek a variance from that Guidelines range, which the other party may oppose.

    10.    If the term of imprisonment does not exceed 21 months, and except as specified in the next paragraph below, Sieff Robert Sargeant will not challenge or seek to reduce by any means any component of the sentence imposed by the sentencing judge for any reason other than ineffective assistance of counsel. The term "any means" includes a direct appeal under 18 U.S.C. § 3742 or 28 U.S.C. § 1291, a motion to vacate the sentence under 28 U.S.C. § 2255, a motion to reduce the term of imprisonment under 18 U.S.C. § 3582(c)(1)(B) or (c)(2), a motion for early termination of supervised release under 18 U.S.C. § 3583(e)(1), and any other appeal, motion, petition, or writ, however captioned, that seeks to attack or modify any component of the sentence. If the term of imprisonment is at least 10 months, this Office will not challenge by appeal, motion, or writ any component of the sentence imposed by the sentencing judge. The provisions of this paragraph bind the parties even if the sentencing judge employs a Guidelines analysis different from the one above.

    11.    Both parties reserve the right to file or to oppose any appeal, collateral attack, writ or motion not barred by the preceding paragraph or any other provision of this plea agreement. Moreover, the preceding paragraph does not apply to:

    (a)    Any proceeding to revoke the term of supervised release.

    (b)    A motion to reduce the term of imprisonment under 18 U.S.C. § 3582(c)(1)(A).

    (c)    An appeal from the denial of a § 3582(c)(1)(A) motion on the grounds that the court erred in finding no extraordinary and compelling circumstances warranting a reduced term of imprisonment or that the court failed to consider those circumstances as a discretionary matter under the applicable factors of 18 U.S.C. § 3553(a).

## Plea Agreement with Sieff Robert Sargeant

## Schedule B – Specific Property to be Forfeited

- The contents of an account at KeyBank ending in -5313 in the name of Coach Sargeant Training LLC.