2024R00235AF/SD/MS

# UNITED STATES DISTRICT COURT
# DISTRICT OF NEW JERSEY

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | Hon. Karen M. Williams, U.S.D.J. |
| v. | : | Crim. No. 24-360 (KMW) |
| SIEFF ROBERT SARGEANT, | : | CONSENT JUDGMENT AND ORDER OF FORFEITURE |
| Defendant. | : | (MONEY JUDGMENT) AND PRELIMINARY ORDER OF |
| | : | FORFEITURE AS TO SPECIFIC PROPERTY (FINAL AS |
| | : | TO THE DEFENDANT) |

WHEREAS, on or about _____, defendant Sieff Robert Sargeant (the "defendant") pleaded guilty, pursuant to a plea agreement with the United States, to a one-count Information (the "Information"), which charged him with money laundering, in violation of 18 U.S.C. § 1956(a)(1)(A)(i). In the plea agreement, the defendant agreed to forfeit, pursuant to 18 U.S.C. § 982(a)(1), all property, real or personal, involved in the money laundering offense charged in the Information, and all property traceable to such property. The defendant agreed that the aggregate value of such property is $147,000 (the "Money Judgment");

WHEREAS, in the plea agreement, the defendant further acknowledged that one or more of the criteria set forth in 21 U.S.C. § 853(p) are met, entitling the United States to forfeit substitute assets of the defendant in an amount not to exceed the amount of the Money Judgment;

WHEREAS, the defendant further agrees to forfeit all of his right, title, and interest in $7,682.93 in United States currency seized from KeyBank account ending in 5313 (the "Specific Property"), which the defendant admits was involved in the money laundering offense charged in Count One of the Information or traceable to such property and therefore is forfeitable to the United States of America pursuant to 18 U.S.C. § 982(a)(1). Any forfeited money and the net proceeds derived from the sale of forfeited specific property will be applied to the Money Judgment, in partial satisfaction thereof;

WHEREAS, Rule 32.2(c)(1) of the Federal Rules of Criminal Procedure provides that no ancillary proceeding is required to the extent that the forfeiture consists of a money judgment;

WHEREAS, the provisions of 21 U.S.C. § 853(n) (as incorporated by 18 U.S.C. § 982(b)(1)) require publication and notice to third parties known to have alleged an interest in forfeited specific property and the disposition of any petitions filed under 21 U.S.C. § 853(n) before the United States may have clear title to such property; and

WHEREAS, defendant Sieff Robert Sargeant:

    (1)    Consents to the entry of the Money Judgment, pursuant to 18 U.S.C. § 982(a)(1);

    (2)    Agrees to forfeit to the United States all of his right, title, and interest in the Specific Property;

    (3)    Agrees to consent promptly upon request to the entry of any orders deemed necessary by the government or the Court to complete the forfeiture and disposition of property forfeited to satisfy the Money Judgment;

    (4)    Waives the requirements of Federal Rules of Criminal Procedure 32.2 and 43(a) regarding notice of forfeiture in the charging instrument, announcement of the forfeiture in the defendant's presence at sentencing, and incorporation of the forfeiture in the Judgment of Conviction;

    (5)    Acknowledges that he understands that forfeiture of property will be part of the sentence imposed upon him in this case and waives any

failure by the Court to advise him of this, pursuant to Federal Rule of Criminal Procedure 11(b)(1)(J), during the plea hearing; and

(6) Waives any and all claims that this forfeiture constitutes an excessive fine and agrees that this forfeiture does not violate the Eighth Amendment.

Having considered the plea agreement, the record as a whole, and the applicable law, it is hereby ORDERED, ADJUDGED, AND DECREED AS FOLLOWS:

### *Money Judgment*

1. All property, real or personal, involved in the money laundering offense charged in the Information, and all property traceable to such property, to which the defendant has pleaded guilty, is forfeited to the United States, pursuant to 18 U.S.C. § 982(a)(1).

2. The defendant having conceded that one or more of the criteria set forth in 21 U.S.C. § 853(p) are met, the United States is entitled to forfeit proceeds and/or substitute assets equal to the value of the property involved in the money laundering offense charged in the Information, which was $147,000. A money judgment in the amount of $147,000 is hereby entered against the defendant (the "Money Judgment"), pursuant to 18 U.S.C. § 982(a)(1), 21 U.S.C. § 853(p), and Federal Rule of Criminal Procedure 32.2(b).

3. All payments on the Money Judgment shall be made by (i) electronic funds transfer, as directed by the United States Attorney's Office; or (ii) postal money order, bank or certified check, made payable, in this instance

to the United States Marshals Service, and delivered by mail to the United States Attorney's Office, District of New Jersey, Attn: Asset Forfeiture and Money Laundering Unit, 970 Broad Street, 7th Floor, Newark, New Jersey 07102, and shall indicate the defendant's name and case number on the face of the check.

4. Until the defendant is sentenced, the United States Marshals Service shall deposit all payments on the Money Judgment in its Seized Assets Deposit Account. After the defendant is sentenced and the Judgment is entered on the docket, all payments on the Money Judgment shall be forfeited to the United States of America as substitute assets, pursuant to 21 U.S.C. § 853(p), and shall be deposited in the Assets Forfeiture Fund.

5. When the Money Judgment is fully satisfied, the United States shall file a Satisfaction of the Money Judgment.

6. Pursuant to Federal Rule of Criminal Procedure 32.2(b)(3) and 21 U.S.C. § 853(n), upon entry of this Order, and until the Money Judgment is fully satisfied, the United States Attorney's Office is authorized to conduct any discovery needed to identify, locate, or dispose of assets to satisfy the Money Judgment, or in connection with any petitions filed pursuant to 21 U.S.C. § 853(n), including depositions, interrogatories, requests for production of documents, and the issuance of subpoenas.

### *Specific Property*

7. As a further result of the defendant's conviction of the money laundering offense charged in Count One of the Information, and pursuant to

18 U.S.C. § 982(a)(1) and Fed. R. Crim. P. 32.2(b)(1) and (b)(2), all of the defendant's right, title, and interest in the Specific Property is hereby forfeited to the United States of America for disposition according to law, subject to the provisions of 21 U.S.C. § 853.

8. Pursuant to Rule 32.2(b)(3) of the Federal Rules of Criminal Procedure, the United States Marshals Service, its agent or designee shall maintain or take possession of the Specific Property and hold such property in its secure custody and control.

9. Pursuant to 21 U.S.C. § 853(n)(1) and Rule 32.2(b)(6) of the Federal Rules of Criminal Procedure, the United States shall publish notice of this Order for at least 30 consecutive days on the government internet site www.forfeiture.gov. The United States shall also send notice of this Order to any person who reasonably appears to be a potential claimant with standing to contest the forfeiture in the ancillary proceeding.

10. Pursuant to Fed R. Crim. P. 32.2(b)(6) and 21 U.S.C. § 853(n)(2) and (n)(3), the notice of forfeiture must describe the forfeited property with reasonable particularity, state the times by which a petition contesting the forfeiture must be filed, and state the name and contact information for the government attorney to be served with the petition. The notice shall also state that the petition (i) shall be for a hearing to adjudicate the validity of the petitioner's alleged interest in the Specific Property, (ii) shall be signed by the petitioner under penalty of perjury, and (iii) shall set forth the nature and extent of the petitioner's right, title, or interest in the Specific Property, the

time and circumstances of the petitioner's acquisition of the right, title, and interest in the Specific Property, any additional facts supporting the petitioner's claim, and the relief sought.

11. Any person, other than the defendant, claiming interest in the Specific Property must file a petition within 60 days from the first day of publication of notice on the government internet site, or no later than 35 days from the mailing of direct notice, whichever is earlier, pursuant to Rule 32.2(b)(6) of the Federal Rules of Criminal Procedure and Rule G(4) and G(5) of the Supplemental Rules for Admiralty or Maritime Claims and Asset Forfeiture Actions.

12. Upon adjudication of all third-party interests, the Court will enter a final order of forfeiture pursuant to 21 U.S.C. § 853(n)(7) and Fed. R. Crim. P. 32.2(c)(2), in which all interests will be addressed.

13. Any forfeited money and the net proceeds derived from the sale of forfeited property will be applied to the Money Judgment until the Money Judgment is satisfied in full.

## *Other Provisions*

14. Pursuant to Rule 32.2(b)(4) of the Federal Rules of Criminal Procedure, this Order of Forfeiture shall be final against the defendant, shall be made part of the sentence of defendant, and shall be included in the judgment of conviction therewith.

15. The Clerk of the Court is directed to enter a criminal forfeiture money judgment against the defendant in favor of the United States in the amount of $147,000.

16. This Court shall retain jurisdiction to enforce this Order and to amend it as necessary.

ORDERED this 23 day of May, 2024.

HON. KAREN M. WILLIAMS, U.S.D.J.

The undersigned hereby consent to
the form and entry of this Order:

PHILIP R. SELLINGER
United States Attorney

*[signature]*
DANIEL A. FRIEDMAN
Assistant United States Attorney

Dated: April 13, 2024

*[signature]*
GILBERT J. SCUTTI, ESQ.
Attorney for Defendant Sieff Robert Sargeant

Dated: 4/29/24

*[signature]*
SIEFF ROBERT SARGEANT, Defendant

Dated: 4/29/24